IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOTICIA C. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION NO. |
| v. | )   FILED: JULY 2, 2008 |
| | )   08CV3785 |
| MEDTRONIC CO. CRD LEGAL | )   JUDGE GETTLEMAN |
| DEPARTMENT, | )   MAGISTRATE JUDGE MASON |
| | ) |
| Defendant. | ) |
| | )   PH |

## **NOTICE OF REMOVAL**

Defendant Medtronic, Inc., incorrectly sued as Medtronic Co. CRD Legal Department, a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota ("Medtronic"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of its removal of the above-captioned case from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.  The grounds for removal are as follows:

1.      Pro se Plaintiff commenced this action by filing a complaint on June 16, 2008 in the Circuit Court of Cook County, Illinois, and the case was docketed at 08 M 62633.  The complaint names "Medtronic Co. CRD Legal Department" as Defendant.  No such entity exists, but Medtronic assumes that the pro se Plaintiff was referring to the Cardiac Rhythm Disease Management Division ("CRDM Division")—an unincorporated business unit of Medtronic, Inc. (*see* Exhibit A hereto (Affidavit of Keyna P. Skeffington))—and that Plaintiff intended to sue Medtronic, Inc.

2. Copies of the complaint and summons were sent to Medtronic via Express Mail on June 25, 2008. A true and correct copy of the complaint and summons are attached hereto as Exhibit B. No other pleadings or papers have been filed in this litigation.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service of the complaint and summons. Since Defendant is filing this Notice on July 2, 2008, removal is timely.

4. The time for Defendant to answer, move, or otherwise plead with respect to the complaint has not yet expired.

5. Concurrent with the filing of this Notice, Defendant is serving this Notice on Plaintiff and filing a copy of the Notice with the Clerk of the Circuit Court of Cook County, Illinois. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(d) and 1441(a), because the United States District Court for the Northern District of Illinois, Eastern Division, is the federal judicial district and division embracing the Circuit Court of Cook County, Illinois, where this action was originally filed.

6. By filing a Notice of Removal in this matter, Defendant does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Defendant specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

## DIVERSITY OF CITIZENSHIP

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Kancewick v. Howard*, No. 08 C 229, 2008 U.S. Dist. LEXIS 27487, at *2 (N.D. Ill. Apr. 3, 2008).

8.   Complete diversity exists between the parties to this action.  Medtronic is a Minnesota corporation with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota, and thus is a citizen of Minnesota.  *See* Exhibit A hereto (Affidavit of Keyna P. Skeffington); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332-Oc-10GRJ, 2007 WL 170094, at *4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is in Minnesota).

9.   Upon information and belief, Plaintiff is a resident and citizen of Park Forest, Illinois.  *See* Compl. (signature block).

10.   Accordingly, complete diversity exists in this action.

## AMOUNT IN CONTROVERSY

11.   The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  "An inquiry into determining the amount in controversy typically starts with the face of the complaint, where the plaintiff's request for relief indicates the value of the claim." *Jennings v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 03 C 5766, 2003 U.S. Dist. LEXIS 17710, at *8 (N.D. Ill. Oct. 2, 2003).

13.   Here, Plaintiff alleges in her Complaint that she suffered 26 inappropriate shocks from her defibrillator, and Plaintiff seeks an award of $100,000.  *See* Complaint (amount claimed).

14.   The amount in controversy requirement is plainly satisfied where, as here, a plaintiff specifically requests damages in an amount greater than the jurisdictional minimum. *E.g., Pietras v. Sentry Ins. Co.*, No. 06 C 3576, 2006 U.S. Dist. LEXIS 83256, at *4 (N.D. Ill.

Nov. 3, 2007) (recognizing diversity jurisdiction for removal where plaintiff sought a declaration that she was entitled to $400,000 from defendant), *Jennings*, 2003 U.S. Dist. LEXIS 17710, at *8 (noting that defendant and the court "are entitled to rely on [plaintiff's] assessment of his damages in the complaint").

15.    Because both of the requirements for federal diversity jurisdiction are satisfied, this case is removable by Defendant.[1]

WHEREFORE, Notice is given that this action is removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

---

[1] On February 21, 2008, the Judicial Panel on Multidistrict Litigation ("JPML") granted various plaintiffs' motions to transfer cases related to Sprint Fidelis leads to a single District Court for consolidated or coordinated treatment, and selected the Honorable Richard H. Kyle of the United States District Court for the District of Minnesota to preside over the MDL proceedings (MDL No. 1905). Upon information and belief, and based upon a review of Medtronic records indicating that Plaintiff here was implanted with a Sprint Fidelis lead, the undersigned counsel will promptly notify the JPML that this case is a tag-along action, and undersigned counsel expect that the JPML will transfer this case to Judge Kyle shortly.

DATED:  July 2, 2008               Respectfully submitted,

                                   MEDTRONIC, INC.,


                                   By:  /s/ Daniel L. Ring
                                        One of its Attorneys

                                   Daniel L. Ring
                                   Michael A. Olsen
                                   Catherine L. Doyle
                                   Mayer Brown LLP
                                   71 S. Wacker Drive
                                   Chicago, IL 60606
                                   dring@mayerbrown.com
                                   molsen@mayerbrown.com
                                   cdoyle@mayerbrown.com
                                   (312) 782-0600 (t)
                                   (312) 701-7711 (f)

                                   *Attorneys for Defendant*
                                   *Medtronic, Inc.*

# EXHIBIT A

Case 1:08-cv-03785  Document 1  Filed 07/02/2008  Page 6 of 14

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOTICIA C. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | |
| MEDTRONIC CO. CRD LEGAL ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF KEYNA P. SKEFFINGTON

I, Keyna P. Skeffington, having been duly sworn on oath, hereby depose and state as follows:

1. I am Assistant Secretary for Medtronic, Inc.

2. Medtronic, Inc. is a corporation organized and existing under the laws of the State of Minnesota.

3. A true and correct copy of a certificate of good standing issued by the Minnesota Secretary of State's Office demonstrating that Medtronic, Inc. is in good standing as of the date of such certificate is attached hereto as Exhibit 1.

4. Medtronic, Inc.'s principal place of business is located in the State of Minnesota, at 710 Medtronic Parkway, Minneapolis, Minnesota.

5. Plaintiff's Complaint names "Medtronic Co. CRD Legal Department" as the Defendant in this case. No such entity exists. However, Medtronic, Inc. does have an unincorporated business unit known as the Cardiac Rhythm Disease Management ("CRDM") Division.

FURTHER AFFIANT SAYETH NOT.

_____
KEYNA P. SKEFFINGTON

Subscribed to and sworn
Before me this 2nd day of
July, 2008

_____
Notary Public

ANNE MARIE SEDERSTROM
Notary Public
Minnesota
My Commission Expires January 31, 2010

2

# EXHIBIT 1

# State of Minnesota

# SECRETARY OF STATE

Certificate of Good Standing

I, Mark Ritchie, Secretary of State of Minnesota, do certify that: The corporation listed below is a corporation formed under the laws of Minnesota; that the corporation was formed by the filing of Articles of Incorporation with the Office of the Secretary of State on the date listed below; that the corporation is governed by the chapter of Minnesota Statutes listed below; and that this corporation is authorized to do business as a corporation at the time this certificate is issued.

Name: Medtronic, Inc.

Date Formed: 04/23/1957

Chapter Governed By: 302A

This certificate has been issued on 12/28/07.



*Mark Ritchie*
Secretary of State.

# EXHIBIT B

Complaint-Verified  (This form replaces CCMD-8A)                                    CCM N008-150M-1/21/04 (3335092)

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Patricia Cooper Hicks
**Plaintiff(s)**

v.

Medtronic CRDM Legal Dept
710 Medtronic Parkway
Minneapolis Minnesota 55432
**Defendant(s)**

No. **08M62633**

Contract _____

Amount Claimed $ 100,000.00

Return Date June 30, 08
RM 207

**COMPLAINT**   **298**

The Plaintiff(s) claim(s) as follows: My Name is Patricia Cooper Hicks, on Oct 12-2005, I was given a defibrillator. During the course of 3 years years, I was given 26 shocks, according to my doctors + a Rep/ Medtronic Technicians would be the correct name, that it was inappropriate shock and that I was not in any danger to cause my defibrillator to discharge. I confronted my doctor & he said there was no pain with my discharge other Only while being shocked I felt feel the pain was wrong so I started my own research of all Medtronic myself and was told, certify that I am the _____ (Name of Attorney if applicable)
Compass Hf the very same night.
plaintiff in the above entitled action. The allegations in this complaint are true.

Please see attached letter
& Doctors Reports

Atty. No.: _____   Pro Se  99500   Dated: _____

Atty. (or Pro Se Plaintiff)
Name: Patricia C. Hicks
Address: 216 Machiavelli St
City/State/Zip: Park Forest Ill
Telephone: (708) 747-3860

Signature

☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

DOROTHY BROWN, CLERK OF THE CIRCUIT CO

2120 - Served   2220 - Not Served    2620 - Sec. of State
2121 - Alias Served   2221 - Alias Not Served   2621 - Alias Sec. of State

**Summons** (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## _____ MUNICIPAL DISTRICT

Name All Parties

Plaintiff(s): *Noticia Cooper Hicks*

v.

Defendant(s): *Medtronic Company C/O Legal Dept*

Address of Defendant(s): *710 Medtronic Parkway, Minneapolis, Minn SOTA 55432*

Case No.: **08M62633**
Amount Claimed: $ *100,000.00*
Appearance Filing/Return Date: _____
Status Date: _____
Trial Date: _____
Time: _____   Room: *207*

## SUMMONS

To each Defendant: *Medtronic Company C/O Legal Dept, Jim Symchyak (Rep)*

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☐ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077     ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153    *Markham courts Markham Ill*

on __*298*__, between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008     ☑ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.

Atty. No.: _____
Name: *Noticia Cooper Hicks*
Atty. for: _____
Address: *216 Marquette St*
City/State/Zip: *Park Forest Ill 60466*
Telephone: *708-747-3360*

WITNESS **DOROTHY BROWN JUN 1 6 2008**

DOROTHY BROWN, Circuit Court Clerk

Date of Service: _____, _____
(To be inserted by officer on copy left with Defendant or other person)

SEE REVERSE SIDE

** Service by Facsimile Transmission will be accepted at: _____ _____
(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CERTIFICATE OF SERVICE

I, Daniel L. Ring, an attorney, certify that I caused a copy of the attached Defendant, Medtronic, Inc.'s Notice of Removal to be served by sending the same by certified mail, return receipt requested, postage prepaid, and by overnight mail on July 2, 2008, addressed to the following:

>  Noticia Cooper Hicks
>  216 Marquette Street
>  Park Forest, Illinois 60466

>  /s/ Daniel L. Ring
>  Daniel L. Ring